IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE: BRANDON A. WEBB,          CASE NO. 3:25 MC 0034

       Petitioner,          JUDGE JAMES R. KNEPP II

**ORDER**

Currently pending is *pro se* Petitioner Brandon Webb's Petition to Preserve Evidence pursuant to Federal Civil Procedure Rule 27. (Doc. 1). He asks this Court to order the preservation of trust documents that were sealed by the Allen County Probate Court relative to his father's estate, as well as original signed trust documents, all records referencing modifications to the trust, and communications between attorneys, trust officers, and court officials. *Id.* at 2-3. Petitioner states he has been excluded from participating in the sealed estate proceedings and was reminded of a "no-contest" clause in the trust. He claims that clause is being "weaponized" against him. *Id.* at 2. He indicates that he intends to file a Qui Tam action under the False Claims Act and seeks to preserve evidence of what he believes to be "fraud, concealment, and misuse of federal or federally-linked funds, including but not limited to judicial concealment, probate trust irregularities, misuse of public positions, and improper sealing of documents." *Id.* at 3. He specifically states the Petition is not a lawsuit. *Id.* at 2.

Rule 27 of the Federal Rules of Civil Procedure permits a person to take the deposition of another person under certain circumstances before a lawsuit is filed. More specifically, Rule 27 provides:

**(a) Before an Action Is Filed.**

 (1) ***Petition.*** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

  (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

  (B) the subject matter of the expected action and the petitioner's interest;

  (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

  (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

  (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). Rule 27 applies "to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *Zuelsdorf ex rel. Cook v. Oiler*, 2014 WL 1912017, at *2 (S.D. Ohio) (quoting 8A Wright, Miller & Marcus, Fed. Prac. and Proc., § 2071 (3d Ed. West Group 2014)); *see also In re Andrews*, 2011 WL 7168675, at *1 (S.D. Ohio), *report & recommendation adopted*, 2012 WL 404818; *In re Somerville*, 2008 WL 2559243, at *2-3 (E.D. Ky.). The use of Rule 27 is restricted to "only . . . that special category of cases where it is necessary to prevent testimony from being lost[,]" such as when a witness is aged or gravely injured and in danger of dying or when there are geographical constraints. *Ash v. Cort*, 512 F.2d 909, 911 (3d

Cir. 1975). Rule 27 is not a substitute for discovery. *See In re Somerville*, 2008 WL 2559243, at *2-3.

Webb's Petition has several fatal flaws. As an initial matter, he seeks only production of documents and audio recordings. *See* Doc. 1, at 2-3. Rule 27 provides solely for preservation of testimony through depositions. It does not provide for production of documents or other forms of discovery. *Brown v. Cassens Transp. Co.*, 2011 WL 13205956, at *2 (E.D. Mich.); *Henley v. Hickman Cnty. Det. Ctr.*, 2014 WL 5383928, at *2-3 (W.D. Ky.).

Furthermore, Webb does not demonstrate a special circumstance that requires a deposition prior to the filing of an action to prevent testimony from being lost. "The case law makes clear that 'perpetuation' means the perpetuation of *known* testimony, and that the rule may not be used as a substitute for discovery to determine whether a cause of action exists." *In re Checkosky*, 142 F.R.D. 4, 7 (D.D.C. 1992) (citing *Ash*, 512 F.2d at 912). Rule 27 petitioners must know what the deponent will say and make a particularized showing that the testimony needs to be taken in advance of the contemplated action to prevent that testimony from being lost. *Ash*, 512 F.2d at 911. Here, Webb claims the Allen County Probate Court ordered the records to be sealed in 2022. (Doc. 1, at 2). He states that he has been excluded from participating in the sealed proceedings and a "no-contest" clause in the trust is being "weaponized" against him. *Id.* It appears that Webb attempts to use this Rule 27 Petition to circumvent the state court's order. This is not a case where testimony will be lost if a deposition is not taken.

In addition, Rule 27 requires the Petitioner to show he "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought[.]" Fed. R. Civ. P. 27(a)(1)(A). Webb indicates that he anticipates filing a potential *qui tam* action in the

future (Doc. 1, at 3), but gives no indication of why he cannot file that action now and obtain the information he wants in the course of discovery. He fails to fulfill this Rule 27 requirement.

Moreover, nothing in the Petition suggests Webb has a cognizable *qui tam* action to be brought on behalf of the United States. A *qui tam* statute allows a private person to bring an action in the name of the United States that will benefit both the person and the United States Government. *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 769 (2000). The *qui tam* action is for redress of an injury to the Government, and it is the Government's injury that confers standing upon the private person as a partial assignee of the United States's claims against a Defendant. *Id.* at 773-74. The False Claims Act ("FCA") is the most commonly invoked *qui tam* statute. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916-18 (6th Cir. 2008).

Congress enacted the FCA to prohibit the presentation of fraudulent claims for payment to the Federal Government. *See, e.g.*, *United States ex rel. USN4U, LLC*, 2025 WL 1009012, at *1 (6th Cir.) (former employee of government contractor hired to perform repair and maintenance services at NASA's Glenn Research Center brought a *qui tam* action under the FCA alleging the contractor defrauded NASA by inflating its project proposal prices, causing NASA to overpay for the work); *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 337 (6th Cir. 2000) (former employees of medical care provider brought a *qui tam* action under the FCA, claiming Defendants fraudulently inflated their Medicare bills). The FCA, however, "was not designed to reach every kind of fraud practiced on the Government." *United States v. McNinch*, 356 U.S. 595, 599 (1958). It only covers attempts to get the Federal Government to pay under false pretenses.

Webb provides no indication of an injury to the United States as a result of a fraudulent demand for the payment of government funds. He declined to name any potential Defendants and states only that the unnamed potential Defendants misused federal funds or federally linked funds.

4

(Doc. 1, at 3). That is not actionable under the FCA. Instead, the Petition appears be an attack on a state court order and an attempt to bypass it and obtain sealed documents. This Court cannot intervene in an ongoing state court action, *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), nor can it overturn state court decisions, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

 For the foregoing reasons, good cause appearing, it is

 ORDERED that Webb's Rule 27 Petition to Preserve Evidence (Doc. 1) be, and the same hereby is, DENIED and this case is closed; and it is

 FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

         s/ *James R. Knepp II*    
        UNITED STATES DISTRICT JUDGE

        Dated: September 12, 2025